# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

MAXTAK CAPITAL ADVISORS LLC,    )
MAXTAK PARTNERS, LP and DAVID
GREENBAUM,    )

       Plaintiffs,    )

            Case No. 3:12-cv-1126-HLA-JRK

v.    )

       **ANSWER AND AFFIRMATIVE**

PARKERVISION, INC., JEFFREY L. PARKER    ) **DEFENSES**
and ROBERT G. STERNE,

    )

       Defendants.

_____)

      Defendants ParkerVision, Inc. ("ParkerVision" or the "Company"), Jeffrey L. Parker, and

Robert G. Sterne, Esq. (collectively, "Defendants"), by and through their undersigned counsel,

hereby answer Plaintiffs' Amended Complaint as follows:

      1.     Defendants deny the allegations contained in paragraph 1 of the Amended

Complaint.

      2.     Defendants deny the allegations contained in paragraph 2 of the Amended

Complaint, except admit that ParkerVision is a public company.

      3.     Defendants deny the allegations contained in paragraph 3 of the Amended

Complaint.

      4.     Defendants deny the allegations contained in paragraph 4 of the Amended

Complaint.

      5.     Defendants deny the allegations contained in paragraph 5 of the Amended

Complaint.

6.      Defendants deny the allegations contained in paragraph 6 of the Amended Complaint.

7.      Defendants deny the allegations contained in paragraph 7 of the Amended Complaint.

8.      Defendants deny the allegations contained in paragraph 8 of the Amended Complaint.

9.      Defendants deny the allegations contained in paragraph 9 of the Amended Complaint.

10.     Defendants deny the allegations contained in paragraph 10 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiffs' alleged losses.

11.     Defendants deny the allegations contained in paragraph 11 of the Amended Complaint, except admit that the Company has produced approximately $412,000 in revenue since 2005.

12.     Defendants deny the allegations contained in paragraph 12 of the Amended Complaint, except admit that Plaintiffs purport to seek damages as stated therein and Defendants deny any liability therefor.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Amended Complaint.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Amended Complaint.

15.     Defendants deny the allegations contained in paragraph 15 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations concerning Plaintiffs alleged transactions in ParkerVision securities as set forth in Exhibit A to the Amended Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiff David Greenbaum's residency and alleged transactions in ParkerVision securities.

17. Defendants admit the allegations contained in paragraph 17 of the Amended Complaint.

18. Defendants admit the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Amended Complaint, except admit that Mr. Sterne has been a director of ParkerVision and a partner of Sterne, Kessler, Goldstein & Fox PLLC ("Sterne Kessler") during the Relevant Time Period as defined in the Amended Complaint, that Sterne Kessler provides legal services to the Company as its principal patent and intellectual property attorneys, and that Sterne is a Virginia resident.

20. The allegations in paragraph 20 consist of legal conclusions to which no response is necessary. To the extent a response is required, Defendants admit the allegations contained in paragraph 20 of the Amended Complaint.

21. The allegations in paragraph 21 consist of legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny the allegations contained in paragraph 21 of the Amended Complaint, except admit that a substantial part of the events giving rise to Plaintiffs' alleged claims arose in the Middle District of Florida and that venue in this District is proper.

22.     Defendants deny the allegations contained in paragraph 22 of the Amended Complaint, except admit that ParkerVision engages in business activities in the Middle District of Florida.

23.     Defendants deny the allegations contained in paragraph 23 of the Amended Complaint, except state that ParkerVision's filings with the SEC speak for themselves and are the best evidence of their content.

24.     Defendants deny the allegations contained in paragraph 24 of the Amended Complaint, except state that ParkerVision's investor materials and other public filings and statements speak for themselves and are the best evidence of their content.

25.     Defendants deny the allegations contained in paragraph 25 of the Amended Complaint, except state that ParkerVision's investor materials and other public filings and statements speak for themselves and are the best evidence of their content.

26.     Defendants deny the allegations contained in paragraph 26 of the Amended Complaint, except state that ParkerVision's investor materials and other public filings and statements speak for themselves and are the best evidence of their content.

27.     Defendants deny the allegations contained in paragraph 27 of the Amended Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of the Amended Complaint, except state that ParkerVision's investor materials and other public filings and statements speak for themselves and are the best evidence of their content.

30.     Defendants deny the allegations contained in paragraph 30 of the Amended Complaint, except state that ParkerVision's investor materials and other public filings and statements speak for themselves and are the best evidence of their content.

31.     Defendants deny the allegations contained in paragraph 31 of the Amended Complaint, except state that ParkerVision's investor materials and other public filings and statements speak for themselves and are the best evidence of their content.

32.     Defendants deny the allegations contained in paragraph 32 of the Amended Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Amended Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Amended Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Amended Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Amended Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations contained in paragraph 38 of the Amended Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Amended Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Drs. Paldus and Farmwald are Stanford Ph.D.'s and admit that Drs. Paldus and Farmwald launched a website named "PV Notes" in 2005.

41.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Amended Complaint.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Amended Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the background and experience of the alleged experts.

45.     Defendants deny the allegations contained in paragraph 45 of the Amended Complaint except admit that ParkerVision filed a patent application for Patent No. 7,218,899 in on October 4, 2004 and that the patent was issued on May 15, 2007.

46.     Defendants deny the allegations contained in paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Amended Complaint, except state that the PV Notes website speaks for itself and is the best evidence of its content.

48.     Defendants deny the allegations contained in paragraph 48 of the Amended Complaint, except state that the PV Notes website speaks for itself and is the best evidence of its content.

49.     Defendants deny the allegations contained in paragraph 49 of the Amended Complaint, except state that the PV Notes website speaks for itself and is the best evidence of its content.

50.     Defendants deny the allegations contained in paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Amended Complaint, except admit that the PV Notes website links to an unsigned paper purportedly authored by a "Dr. Steve Cripps" and state that the paper speaks for itself and is the best evidence of its content.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Amended Complaint, except admit that the PV Notes website links to an unsigned paper purportedly authored by a "Dr. Steve Cripps" and state that the paper speaks for itself and is the best evidence of its content.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Amended Complaint, except admit that the PV Notes website links to an unsigned paper purportedly authored by a "Dr. Steve Cripps" and state that the paper speaks for itself and is the best evidence of its content.

55.     Defendants deny the allegations contained in paragraph 55 of the Amended Complaint, except admit that the PV Notes website links to an unsigned paper purportedly authored by a "Dr. Steve Cripps" and state that the paper speaks for itself and is the best evidence of its content.

56.     Defendants deny the allegations contained in paragraph 56 of the Amended Complaint, except admit that the PV Notes website links to an unsigned paper purportedly authored by a "Dr. Steve Cripps" and state that the paper speaks for itself and is the best evidence of its content.

57.     Defendants deny the allegations contained in paragraph 57 of the Amended Complaint, except admit that the PV Notes website links to an unsigned paper purportedly authored by a "Dr. Steve Cripps" and state that the paper speaks for itself and is the best evidence of its content.

58.     Defendants deny the allegations contained in paragraph 58 of the Amended Complaint.

59.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Amended Complaint, except admit that the PV Notes website links to an unsigned paper purportedly authored by a "Dr. Steve Cripps" and state that the paper speaks for itself and is the best evidence of its content.

60.     Defendants deny the allegations contained in paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Amended Complaint, except admit that the PV Notes website links to an unsigned paper purportedly

authored by a "Dr. Steve Cripps" and state that the paper speaks for itself and is the best evidence of its content.

62. Defendants deny the allegations contained in paragraph 62 of the Amended Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Amended Complaint, except admit that the PV Notes website links to an unsigned paper purportedly authored by a "Dr. Steve Cripps" and state that the paper speaks for itself and is the best evidence of its content.

64. Defendants deny the allegations contained in paragraph 64 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Dr. Farmwald's alleged intelligence-gathering.

65. Defendants deny the allegations contained in paragraph 65 of the Amended Complaint, except state that the December 3, 2007 article published in *Barron's* speaks for itself and is the best evidence of its content.

66. Defendants deny the allegations contained in paragraph 66 of the Amended Complaint, except state that the December 3, 2007 article published in *Barron's* speaks for itself and is the best evidence of its content.

67. Defendants deny the allegations contained in paragraph 67 of the Amended Complaint, except state that the PV Notes website speaks for itself and is the best evidence of its content.

68. Defendants deny the allegations contained in paragraph 68 of the Amended Complaint, except admit that Defendants disputed Dr. Farmwald and others' statements concerning ParkerVision's d2p technology.

69.     Defendants deny the allegations contained in paragraph 69 of the Amended Complaint, except state that ParkerVision's investor materials and other public filings and statements speak for themselves and are the best evidence of their content.

70.     Defendants deny the allegations contained in paragraph 70 of the Amended Complaint, except state that the PV Notes website speaks for itself and is the best evidence of its content.

71.     Defendants deny the allegations contained in paragraph 71 of the Amended Complaint, except admit that ParkerVision generated $412,000 in revenue between 2006 and 2010.

72.     Defendants deny the allegations contained in paragraph 72 of the Amended Complaint.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the Amended Complaint.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Amended Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiffs alleged review of materials.

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Amended Complaint.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Amended Complaint.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Amended Complaint, except admit that Defendant Jeffrey Parker shared a car ride with a principal of the MaxTak Plaintiffs during the Relevant Time Period in the vicinity of Newark Airport in New Jersey but deny the characterization of the shared car ride as a "meeting."

80.     Defendants deny the allegations contained in paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Amended Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Amended Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of the Amended Complaint.

84.     Defendants state that the November 2, 2006 press release referred to in paragraph 84 of the Amended Complaint speaks for itself and is the best evidence of its content.

85.     Defendants deny the allegations contained in paragraph 85 of the Amended Complaint, except state that the transcript of ParkerVision's 2006 third quarter earnings call speaks for itself and is the best evidence of its content.

86.     Defendants deny the allegations contained in paragraph 86 of the Amended Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the Amended Complaint.

88.     Defendants state that ParkerVision's Annual Report for 2006 referred to in paragraph 88 of the Amended Complaint speaks for itself and is the best evidence of its content.

89.     Defendants deny the allegations contained in paragraph 89 of the Amended Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the Amended Complaint, except admit that ParkerVision held its 2006 fourth quarter and year-end earnings call on March 8, 2007 and state that the transcript of the earnings call speaks for itself and is the best evidence of its content.

91.     Defendants deny the allegations contained in paragraph 91 of the Amended Complaint.

92.     Defendants admit the allegations contained in paragraph 92 of the Amended Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of the Amended Complaint, except state that the transcript of the conference call speaks for itself and is the best evidence of its content.

94.     Defendants deny the allegations contained in paragraph 94 of the Amended Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the Amended Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Amended Complaint, except admit that the ITT-ParkerVision relationship has produced $412,000 in revenue for the Company.

97.     Defendants admit the allegations contained in paragraph 97 of the Amended Complaint.

98.     Defendants state that the transcript of the August 8, 2007 earnings conference call referred to in paragraph 98 of the Amended Complaint speaks for itself and is the best evidence of its content.

99.      Defendants state that the transcript of the August 8, 2007 earnings conference call referred to in paragraph 99 of the Amended Complaint speaks for itself and is the best evidence of its content.

100.     Defendants deny the allegations contained in paragraph 100 of the Amended Complaint.

101.     Defendants deny the allegations contained in paragraph 101 of the Amended Complaint, except state that the transcript of the August 8, 2007 earnings conference call speaks for itself and is the best evidence of its content.

102.     Defendants state that the transcript of the August 8, 2007 earnings conference call referred to in paragraph 102 of the Amended Complaint speaks for itself and is the best evidence of its content.

103.     Defendants deny the allegations contained in paragraph 103 of the Amended Complaint.

104.     Defendants deny the allegations contained in paragraph 104 of the Amended Complaint.

105.     Defendants admit the allegations contained in paragraph 105 of the Amended Complaint.

106.     Defendants deny the allegations contained in paragraph 106 of the Amended Complaint.

107.     Defendants deny the allegations contained in paragraph 107 of the Amended Complaint, except state that the transcript of the November 5, 2007 earnings conference call speaks for itself and is the best evidence of its content.

108.     Defendants state that the transcript of the November 5, 2007 earnings conference call referred to in paragraph 108 of the Amended Complaint speaks for itself and is the best evidence of its content.

109.     Defendants deny the allegations contained in paragraph 109 of the Amended Complaint.

110.     Defendants deny the allegations contained in paragraph 110 of the Amended Complaint, except state that the transcript of the November 5, 2007 earnings conference call speaks for itself and is the best evidence of its content.

111.     Defendants deny the allegations contained in paragraph 111 of the Amended Complaint, except state that the transcript of the November 5, 2007 earnings conference call speaks for itself and is the best evidence of its content.

112.     Defendants deny the allegations contained in paragraph 112 of the Amended Complaint.

113.     Defendants deny the allegations contained in paragraph 113 of the Amended Complaint, except state that the November 2007 presentation at the AeA Financial Conference speaks for itself and is the best evidence of its content.

114.     Defendants deny the allegations contained in paragraph 114 of the Amended Complaint.

115.     Defendants deny the allegations contained in paragraph 115 of the Amended Complaint, except admit that a principal of the MaxTak Plaintiffs was present at the AeA Financial Conference and spoke briefly with Defendant Jeffrey Parker.

116.     Defendants deny the allegations contained in paragraph 116 of the Amended Complaint, except admit that Barron's published an article about ParkerVision titled "The Strange Case of ParkerVision" and state that the *Barron's* article speaks for itself and is the best evidence of its content.

117.     Defendants deny the allegations contained in paragraph 117 of the Amended Complaint.

118.     Defendants deny the allegations contained in paragraph 118 of the Amended Complaint, except state that the transcript of the December 3, 2007 investor conference call speaks for itself and is the best evidence of its content.

119.     Defendants deny the allegations contained in paragraph 119 of the Amended Complaint, except admit that ParkerVision issued a press release on December 3, 2007 and state that the press release speaks for itself and is the best evidence of its content.

120.     Defendants deny the allegations contained in paragraph 120 of the Amended Complaint, except state that the transcript of the December 3, 2007 press release and investor conference call speaks for itself and is the best evidence of its content.

121.     Defendants deny the allegations contained in paragraph 121 of the Amended Complaint.

122.     Defendants deny the allegations contained in paragraph 122 of the Amended Complaint, except state that the transcript of the December 3, 2007 investor conference call speaks for itself and is the best evidence of its content.

123.     Defendants deny the allegations contained in paragraph 123 of the Amended Complaint, except state that the December 3, 2007 press release speaks for itself and is the best evidence of its content.

124.     Defendants deny the allegations contained in paragraph 124 of the Amended Complaint.

125.     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 125 of the Amended Complaint.

126.     Defendants deny the allegations contained in paragraph 126 of the Amended Complaint, except state that the December 3, 2007 Form 8-K and the November 29, 2007 letter speak for themselves and are the best evidence of their content.

127.     Defendants deny the allegations contained in paragraph 127 of the Amended Complaint, except state that the Company's website, the article by ParkerVision's Director of Technical Marketing and the Company's presentations speak for themselves and are the best evidence of their content.

128.     Defendants deny the allegations contained in paragraph 128 of the Amended Complaint, except state that the transcript of the December 3, 2007 investor conference call speaks for itself and is the best evidence of its content.

129.     Defendants deny the allegations contained in paragraph 129 of the Amended Complaint.

130.     Defendants deny the allegations contained in paragraph 130 of the Amended Complaint, except state that the December 21, 2007 press release speaks for itself and is the best evidence of its content.

131.    Defendants state that the December 21, 2007 press release referred to in paragraph 131 of the Amended Complaint speaks for itself and is the best evidence of its content.

132.    Defendants state that the transcript of the conference call referred to in paragraph 132 of the Amended Complaint speaks for itself and is the best evidence of its content.

133.    Defendants deny the allegations contained in paragraph 133 of the Amended Complaint.

134.    Defendants state that the transcript of the conference call referred to in paragraph 134 of the Amended Complaint speaks for itself and is the best evidence of its content.

135.    Defendants deny the allegations contained in paragraph 135 of the Amended Complaint.

136.    Defendants deny the allegations contained in paragraph 136 of the Amended Complaint, except state that the transcript of the conference call referred to in paragraph 136 speaks for itself and is the best evidence of its content.

137.    Defendants deny the allegations contained in paragraph 137 of the Amended Complaint.

138.    Defendants deny the allegations contained in paragraph 138 of the Amended Complaint.

139.    Defendants deny the allegations contained in paragraph 139 of the Amended Complaint, except admit that on February 19, 2008, ParkerVision made a presentation at the 20th Annual OC Growth Stock Conference presented by Roth Capital Partners and state that the presentation speaks for itself and is the best evidence of its content.

140.    Defendants deny the allegations contained in paragraph 140 of the Amended Complaint.

141.     Defendants deny the allegations contained in paragraph 141 of the Amended Complaint.

142.     Defendants deny the allegations contained in paragraph 142 of the Amended Complaint except state that ParkerVision's Annual Report for 2007 filed on March 17, 2008 speaks for itself and is the best evidence of its content.

143.     Defendants admit the allegations contained in paragraph 143 of the Amended Complaint.

144.     Defendants deny the allegations contained in paragraph 144 of the Amended Complaint.

145.     Defendants deny the allegations contained in paragraph 145 of the Amended Complaint, except state that the transcript of the March 17, 2008 conference call speaks for itself and is the best evidence of its content.

146.     Defendants deny the allegations contained in paragraph 146 of the Amended Complaint, except state that the transcript of the March 17, 2008 conference call speaks for itself and is the best evidence of its content.

147.     Defendants deny the allegations contained in paragraph 147 of the Amended Complaint.

148.     Defendants deny the allegations contained in paragraph 148 of the Amended Complaint, except state that the transcript of the March 17, 2008 conference call speaks for itself and is the best evidence of its content.

149.     Defendants deny the allegations contained in paragraph 149 of the Amended Complaint.

150.　Defendants deny the allegations contained in paragraph 150 of the Amended Complaint, except state that the transcript of the March 17, 2008 conference call speaks for itself and is the best evidence of its content.

151.　Defendants deny the allegations contained in paragraph 151 of the Amended Complaint.

152.　Defendants admit the allegations contained in paragraph 152 of the Amended Complaint.

153.　Defendants state that the May 7, 2008 press release referred to in paragraph 153 of the Amended Complaint speaks for itself and is the best evidence of its content.

154.　Defendants deny the allegations contained in paragraph 154 of the Amended Complaint.

155.　Defendants deny the allegations contained in paragraph 155 of the Amended Complaint.

156.　Defendants state that the transcript of the May 7, 2008 conference call referred to in paragraph 156 of the Amended Complaint speaks for itself and is the best evidence of its content.

157.　Defendants deny the allegations contained in paragraph 157 of the Amended Complaint.

158.　Defendants deny the allegations contained in paragraph 158 of the Amended Complaint, except state that the transcript of the May 7, 2008 conference call speaks for itself and is the best evidence of its content.

159.　Defendants deny the allegations contained in paragraph 159 of the Amended Complaint.

160.    Defendants admit the allegations contained in paragraph 160 of the Amended Complaint.

161.    Defendants deny the allegations contained in paragraph 161 of the Amended Complaint.

162.    Defendants state that the transcript of the August 11, 2008 conference call referred to in paragraph 162 of the Amended Complaint speaks for itself and is the best evidence of its content.

163.    Defendants deny the allegations contained in paragraph 163 of the Amended Complaint.

164.    Defendants deny the allegations contained in paragraph 164 of the Amended Complaint, except state that the transcript of the August 11, 2008 conference call speaks for itself and is the best evidence of its content.

165.    Defendants deny the allegations contained in paragraph 165 of the Amended Complaint.

166.    Defendants admit the allegations contained in paragraph 166 of the Amended Complaint.

167.    Defendants state that the November 10, 2008 press release referred to in paragraph 167 of the Amended Complaint speaks for itself and is the best evidence of its content.

168.    Defendants deny the allegations contained in paragraph 168 of the Amended Complaint.

169.    Defendants deny the allegations contained in paragraph 169 of the Amended Complaint.

170.     Defendants deny the allegations contained in paragraph 170 of the Amended Complaint, except state that the transcript of the November 10, 2008 conference call speaks for itself and is the best evidence of its content.

171.     Defendants deny the allegations contained in paragraph 171 of the Amended Complaint.

172.     Defendants state that the transcript of the November 10, 2008 conference call referred to in paragraph 172 of the Amended Complaint speaks for itself and is the best evidence of its content.

173.     Defendants deny the allegations contained in paragraph 173 of the Amended Complaint.

174.     Defendants admit the allegations contained in paragraph 174 of the Amended Complaint.

175.     Defendants deny the allegations contained in paragraph 175 of the Amended Complaint.

176.     Defendants deny the allegations contained in paragraph 176 of the Amended Complaint, except:

a)      lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in subparagraph a of paragraph 176 concerning the time period in which Plaintiffs allegedly were purchasing and selling ParkerVision securities and state that the Company's stock traded on the NASDAQ Global Marker until February 2011 at which time it transferred to NASDAQ Capital Market;

b)      lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in subparagraph b of paragraph 176;

c)        admit the allegations contained in subparagraph c of paragraph 176;

d)        lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in subparagraph d of paragraph 176 concerning the time period in which Plaintiffs allegedly were purchasing and selling ParkerVision securities and state that the Company's press releases, SEC filings, transcripts of conference calls and website speak for themselves and are the best evidence of their content;

e)        lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in subparagraph e of paragraph 176; and

f)        lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in subparagraph f of paragraph 176.

177.    Defendants deny the allegations contained in paragraph 177 of the Amended Complaint, except admit that the price of ParkerVision securities responded to the disclosure of material news concerning the Company's operations and prospects and admit that throughout the period in which Plaintiffs were allegedly trading ParkerVision securities, the market prices of those securities reflected the market's assessment concerning the value of the securities based upon the disclosures that Defendants made and the information that the market uncovered independently as well as overall market conditions.

178.    Defendants deny the allegations contained in paragraph 178 of the Amended Complaint.

179.    Defendants deny the allegations contained in paragraph 179 of the Amended Complaint.

180.    Defendants deny the allegations contained in paragraph 180 of the Amended Complaint.

181.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 181 of the Amended Complaint.

182.    Defendants deny the allegations contained in paragraph 182 of the Amended Complaint.

183.    Defendants deny the allegations contained in paragraph 183 of the Amended Complaint.

184.    Defendants deny the allegations contained in paragraph 184 of the Amended Complaint.

185.    Defendants deny the allegations contained in paragraph 185 of the Amended Complaint.

186.    The allegations in paragraph 186 consist of legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 186 of the Amended Complaint.

187.    Defendants deny the allegations contained in paragraph 187 of the Amended Complaint.

188.    Defendants deny the allegations contained in paragraph 188 of the Amended Complaint, except admit that they and Plaintiffs knew of the "PV Notes" website launched by Paldus and Farmwald.

189.    Defendants deny the allegations contained in paragraph 189 of the Amended Complaint.

190.    Defendants deny the allegations contained in paragraph 190 of the Amended Complaint.

191.     Defendants deny the allegations contained in paragraph 191 of the Amended Complaint.

192.     Defendants deny the allegations contained in paragraph 192 of the Amended Complaint, except admit that the Company conducted private placement stock offerings.

193.     Defendants deny the allegations contained in paragraph 193 of the Amended Complaint, except admit that ParkerVision raised more than $80 million from private placement stock offerings from March 2005 through November 2009.

194.     Defendants admit that ParkerVision conducted private placement stock offerings as alleged in paragraph 194 of the Amended Complaint but deny the accuracy of the chart contained therein.

195.     The allegations in paragraph 195 consist of legal conclusions to which no response is necessary.  To the extent a response is required, Defendants admit the allegations contained in paragraph 195 of the Amended Complaint.

196.     The allegations in paragraph 196 consist of legal or accounting conclusions to which no response is necessary.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 196 of the Amended Complaint.

197.     The allegations in paragraph 197 consist of legal or accounting conclusions to which no response is necessary.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 197 of the Amended Complaint.

198.     Defendants deny the allegations contained in paragraph 198 of the Amended Complaint.

199.    Defendants deny the allegations contained in paragraph 199 of the Amended Complaint, except state that the Company's private placement stock offering materials speak for themselves and are the best evidence of their content.

200.    Defendants admit the allegations contained in paragraph 200 of the Amended Complaint.

201.    Defendants deny the allegations contained in paragraph 201 of the Amended Complaint, except admit that ParkerVision needed to raise cash at various times to finance its business activities and operations.

202.    Defendants deny the allegations contained in paragraph 202 of the Amended Complaint, except state that the Company discloses revenues and executive compensation in its annual reports, Form 10-Ks and proxy statements which speak for themselves and are the best evidence of their content.

203.    Defendants deny the allegations contained in paragraph 203 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiffs conducted an investigation or what such investigation purported to verify.

204.    Defendants deny the allegations contained in paragraph 204 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning facts allegedly disclosed by "CW," "CW's" background or "CW's" alleged dealings with ParkerVision.

205.    Defendants deny the allegations contained in paragraph 205 of the Amended Complaint.

206.     Defendants deny the allegations contained in paragraph 206 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth or falsity of CW's alleged statements.

207.     Defendants deny the allegations contained in paragraph 207 of the Amended Complaint, except admit that demonstrations and tests of d2p were performed during ITT's evaluation of the technology and except lack knowledge or information sufficient to form a belief as to the truth or falsity of CW's alleged statements.

208.     Defendants deny the allegations contained in paragraph 208 of the Amended Complaint, except lack knowledge or information sufficient to form a belief as to the truth or falsity of CW's alleged statements.

209.     Defendants deny the allegations contained in paragraph 209 of the Amended Complaint, except admit that ParkerVision paid a division of ITT (formerly Insyte) engineering fees for RF IC design work and lack knowledge or information sufficient to form a belief as to the truth or falsity of CW's alleged statements.

210.     Defendants deny the allegations contained in paragraph 210 of the Amended Complaint, except (i) admit that ParkerVision generated $284,000 in revenue related to engineering consulting services from its contract with ITT during the Relevant Time Period, (ii) state that the ITT-ParkerVision contract speaks for itself and is the best evidence of its content, (iii) lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that ITT personnel were allegedly "shocked" and that ITT's Vice President of Business Development would normally approve disclosures as set forth in paragraph 210; and (iv) lack knowledge or information sufficient to form a belief as to the truth or falsity of CW's alleged statements.

211.     Defendants deny the allegations contained in paragraph 211 of the Amended Complaint, except state that the pleadings in the 2012 Qualcomm Inc. patent litigation speak for themselves and are the best evidence of their content and that ParkerVision has expressly denied Qualcomm's allegations.  Furthermore, the courts granted ParkerVision's motion to dismiss many of Qualcomm's allegations and Qualcomm subsequently dropped from their pleadings the remaining allegations of this nature.

212.     Defendants deny the allegations contained in paragraph 212 of the Amended Complaint, except admit that ParkerVision's suit against Qualcomm accuses Qualcomm of infringing on ParkerVision's d2d patents, and state that the pleadings in the litigation speak for themselves and are the best evidence of their content and that ParkerVision has expressly denied Qualcomm's allegations.  Furthermore, all Qualcomm allegations of deception of the patent office and claims of co-invention have been dismissed by the Court or dropped by Qualcomm.

213.     Defendants deny the allegations contained in paragraph 213 of the Amended Complaint.

214.     Defendants deny the allegations contained in paragraph 214 of the Amended Complaint.

## FIRST CAUSE OF ACTION

215.     In response to paragraph 215, Defendants repeat, reallege and incorporate their responses to paragraphs 1 through 214 as though fully set forth herein.

216.     Defendants deny the allegations contained in paragraph 216 of the Amended Complaint.

217.     Defendants deny the allegations contained in paragraph 217 of the Amended Complaint.

218.    Defendants deny the allegations contained in paragraph 218 of the Amended Complaint.

219.    Defendants deny the allegations contained in paragraph 219 of the Amended Complaint.

220.    Defendants deny the allegations contained in paragraph 220 of the Amended Complaint.

221.    Defendants deny the allegations contained in paragraph 221 of the Amended Complaint.

222.    Defendants deny the allegations contained in paragraph 222 of the Amended Complaint.

223.    Defendants deny the allegations contained in paragraph 223 of the Amended Complaint.

224.    Defendants deny the allegations contained in paragraph 224 of the Amended Complaint.

225.    Defendants deny the allegations contained in paragraph 225 of the Amended Complaint.

226.    Defendants deny the allegations contained in paragraph 226 of the Amended Complaint.

**SECOND CAUSE OF ACTION**

227.    In response to paragraph 227, Defendants repeat, reallege and incorporate their responses to paragraphs 1 through 226 as though fully set forth herein.

228.    Defendants deny the allegations contained in paragraph 228 of the Amended Complaint.

229.     Defendants deny the allegations contained in paragraph 229 of the Amended Complaint.

230.     Defendants deny the allegations contained in paragraph 230 of the Amended Complaint.

231.     Defendants deny the allegations contained in paragraph 231 of the Amended Complaint.

232.     Defendants deny the allegations contained in paragraph 232 of the Amended Complaint.

233.     Defendants deny the allegations contained in paragraph 233 of the Amended Complaint.

**THIRD CAUSE OF ACTION**

234.     In response to paragraph 234, Defendants repeat, reallege and incorporate their responses to paragraphs 1 through 233 as though fully set forth herein.

235.     The allegations in paragraph 235 consist of legal conclusions to which no response is necessary.  To the extent a response is required, Defendants deny the allegations contained in paragraph 235 of the Amended Complaint.

236.     Defendants deny the allegations contained in paragraph 236 of the Amended Complaint.

237.     Defendants deny the allegations contained in paragraph 237 of the Amended Complaint.

238.     Defendants deny the allegations contained in paragraph 238 of the Amended Complaint.

239.     Defendants deny the allegations contained in paragraph 239 of the Amended Complaint.

240.     Defendants deny the allegations contained in paragraph 240 of the Amended Complaint.

241.     Defendants deny the allegations contained in paragraph 241 of the Amended Complaint.

242.     Defendants deny the allegations contained in paragraph 242 of the Amended Complaint.

243.     Defendants deny the allegations contained in paragraph 243 of the Amended Complaint.

## ANSWER TO THE PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief claimed, and Defendants request that the Court dismiss all claims against them with prejudice and order such further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on behalf of Defendants, and without admitting that Plaintiffs have suffered any loss or injury, Defendants allege the following separate and distinct affirmative defenses to the Amended Complaint, and to each purported cause of action alleged therein.  Defendants do not, by alleging affirmative defenses, admit that Plaintiffs do not have the burden of proof for any or all facts underlying any of those defenses.  Defendants' investigation of the facts alleged in the Amended Complaint is ongoing, and, accordingly, Defendants reserve the right to assert additional affirmative defenses in the future.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs' claims are barred, in whole or in part, because the causes of action alleged in the Amended Complaint fail to state facts sufficient to constitute a valid cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (No False or Misleading Statement)

Plaintiffs' claims are barred because Defendants did not make a false or misleading statement of material fact or omission of material fact and are not responsible (in law or in fact) for any alleged false or misleading statements or omissions of material fact.

## THIRD AFFIRMATIVE DEFENSE

### (No Intent or Scienter)

Plaintiffs' claims are barred, in whole or in part, because Defendants did not have the requisite intent or scienter.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Plaintiffs' claims are barred, in whole or in part, because Defendants did not directly or proximately cause or contribute to any alleged damage, loss or injury sustained by Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

### (Forward-Looking Statements)

Plaintiffs' claims are barred, in whole or in part, to the extent that the facts that Plaintiffs allege were misrepresented or omitted were forward-looking statements, and are rendered inactionable

by the safe harbor contained in Section 27A of the Securities Act, or under the "bespeaks caution" doctrine.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Impact on Market Price)

Plaintiffs' claims are barred, in whole or in part, because the purported misrepresentations or omissions alleged in the Amended Complaint did not affect the market price of ParkerVision securities and/or an insufficient number of traders in ParkerVision securities relied on the alleged false and misrepresentations or omissions to affect the market price of those securities.

## SEVENTH AFFIRMATIVE DEFENSE

### (Other Factors Affecting Market Price)

Plaintiffs' claims are barred, in whole or in part, because any depreciation in the market price of ParkerVision securities resulted from factors other than conduct attributed to Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Justifiable Reliance)

Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' lack of justifiable reliance on any representation, act or omission by Defendants.

## NINNTH AFFIRMATIVE DEFENSE

### (Publicly Available Information)

Plaintiffs' claims are barred, in whole or in part, on the grounds that the matters alleged to be the subject of misrepresentations and/or omissions were publicly disclosed and/or were in the public domain, and, as such, were available to Plaintiffs and/or the securities market.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knew that the purchase and short-sale of ParkerVision securities involved risk and voluntarily assumed such risk.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reasonableness)

Plaintiffs' claims are barred, in whole or in part, because Defendants had reasonable grounds to  believe at the time that ParkerVision's statements were true and there was no omission of a material fact required therein or necessary to make the statements therein not misleading.

## TWELFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs by acts, omissions and/or conduct are estopped, in whole or in part, from obtaining the relief sought in the Amended Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs by acts, omissions and/or conduct have waived, in whole or in part, their right to obtain relief sought in the Amended Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset of Damages)

Any recovery of damages allegedly incurred by Plaintiffs, if any, is subject to offset in the amount of any tax benefit actually received by Plaintiffs through their trading and investments in ParkerVision securities.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs have failed to fulfill their duty to mitigate, reduce or otherwise avoid the alleged damages, and Plaintiffs are therefore barred from recovering such damages, if any.

**WHEREFORE**, Defendants seek judgment:

A.      dismissing with prejudice all claims against Defendants;

B.      awarding costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

C.      granting such other and further relief as this Court may deem just and proper.

Dated:  June 7, 2013

**KATTEN MUCHIN ROSENMAN LLP**       **SMITH HULSEY & BUSEY**


By: s/ Bruce G. Vanyo                          By: s/ James A. Bolling

Bruce G. Vanyo                                     Stephen D. Busey
William M. Regan                                  James A. Bolling
                                                           Florida Bar Number 117790
575 Madison Avenue                           Florida Bar Number 901253
New York, New York 10022-2585
(212) 940-8800 (phone)                       225 Water Street, Suite 1800
(212) 940-8776 (fax)                            Jacksonville, Florida 32202
                                                           (904) 359-7700 (phone)
bruce@kattenlaw.com                          (904) 359-7708 (fax)
william.regan@kattenlaw.com
                                                           busey@smithhulsey.com
                                                           jbolling@smithhulsey.com

*Attorneys for Defendants ParkerVision, Inc., Jeffrey L. Parker, and Robert G. Sterne*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none.

_____
_/s/ James A. Bolling_
Attorney
